**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Stanley Weaver, III,<br>Plaintiff,<br>v.<br>Cody Phinney, Richard Whitley, Las Vegas Metropolitan Police Department, and State of Nevada ex. rel. Division of Public and Behavioral Health of the Department of Human Services fka Department of Health and Human Services,<br>Defendants. | Case No. 2:26-cv-01250-DJA<br>**Order** |

Before the Court is Defendant Cody Phinney's motion to set aside clerk's entry of default. (ECF No. 18). Plaintiff moves for leave to file a surreply to the motion to set aside clerk's entry of default. (ECF No. 29). The Court grants Plaintiff's motion for leave to file a surreply (ECF No. 29) and considers the surreply. Even considering that surreply, however, the Court finds that Phinney has shown good cause to set aside the default and therefore grants Phinney's motion (ECF No. 18).[1]

Under Rule 55(c) of the Federal Rules of Civil Procedure, the "court may set aside an entry of default for good cause." Setting aside an entry of default under Rule 55(c) is "simpler and more straightforward than setting aside a default judgment under Rule 60(b)." *See U.S. v.*

[1] This case is part of the Magistrate Judge Consent Program. (ECF No. 2). However, the deadline for certain parties to consent or withdraw their consent has not yet passed. Nonetheless, the assigned magistrate judge has the authority to vacate the entry of default on an order. *See Rowe v. Wolfson*, No. 2:23-cv-01076-APG-BNW, 2025 WL 2855134, at *2 (D. Nev. Oct. 6, 2025) (citing *Goodwin v. Hatch*, No. 16-cv-00751-CMA-KLM, 2018 WL 3454972 (D. Colo. July 19, 2018), *aff'd*, 781 F. App'x 754 (10th Cir. 2019) (stating that, "[a] motion to set aside a clerk's entry of default is **not** a dispositive motion") (emphasis in original)).

*Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010) ("[I]n the Rule 55 context, there is no interest in the finality of the judgment with which to contend."). In deciding whether to set aside an entry of default, courts must consider whether the party seeking to set aside the default engaged in culpable conduct that led to the default, whether the party seeking to set aside the default had a meritorious defense, and whether reopening the default judgment would prejudice the other party. *See id.* at 1091. The Court's discretion is "especially broad" when setting aside entry of default as opposed to default judgment. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986).

Here, the Court grants Plaintiff's motion to file surreply and considers the surreply attached to that motion. But even considering that surreply, the Court finds that Phinney has shown good cause to set aside the clerk's entry of default against her. The Court does not find that Phinney engaged in culpable conduct. Plaintiff points out that Phinney was served on May 6, 2026, making the deadline to respond May 21, 2026. (ECF No. 16 at 2). On May 7, 2026, the Attorney General's Office received the complaint from Phinney requesting representation. (ECF No. 25-2). Phinney's attorney states that as a result of inadvertent administrative delay, she was not assigned to the matter until after the twenty-one-day deadline to respond had passed. (ECF No. 25 at 2). While Plaintiff argues that Phinney has not demonstrated why she did not seek an extension while waiting for representation and that Phinney's attorney does not explain when exactly she was assigned to the case, the Court nonetheless finds Phinney's explanation sufficient to show that she did not act with bad faith. *Mesle*, 615 F.3d at 1092 (explaining that a "movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.") (internal quotations omitted).

The Court also finds that Phinney has sufficiently demonstrated that she has a meritorious defense. *Id.* at 1094 (explaining that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the

motion to set aside the default"). Finally, the Court does not find that reopening the default would prejudice Plaintiff, particularly because Plaintiff's sole argument concerns delay and because the parties have since stipulated to give Plaintiff additional time to file an amended complaint. (ECF No. 30).

**IT IS THEREFORE ORDERED** that Phinney's motion to set aside clerk's entry of default (ECF No. 18) is **granted.** The Clerk's Office is kindly directed to set aside the entry of default at ECF No. 17.

**IT IS FURTHER ORDERED** that Plaintif's motion for leave to file a surreply (ECF No 29) is **granted.**

DATED: July 29, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE